■ ROCCO CARDINALE, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 45970.) — GREENBLOTT, J. Cross appeals from a judgment in favor of the claimant, entered April 13, 1967, upon a decision of the Court of Claims for the appropriation of claimant's lands in the Town of Catskill, Greene County. Claimant was awarded $65,000 for the taking of 0.631 acre, and a two-story concrete block reinforced steel building housing a garage-gasoline station located on Route 23, 200 yards from its intersection with Route 9W, and within a half-mile of the Rip Van Winkle Bridge, the only Hudson River crossing in the area. On the argument, the State asked that the award be reduced to $40,400 and withdrew its prayer for a new trial. Although claimant took a cross appeal, on the ground of inadequacy, his brief asks for affirmance of the judgment. An examination of the record substantiates the

court's finding of damages of $65,000 for the taking of this property, which was well within the range of the testimony as to the value thereof. The appraiser for the State arrived at a value of $32,500. He attempted to use four bare land parcels as comparables. These were properly excluded on the ground of remoteness, having occurred six or seven years prior to the taking. His figures on reproduction cost, less depreciation, were without foundation. He fixed the reproduction cost of the building at $63,778, but then took an unrealistic depreciation factor of 61%, despite the fact that the building was less than 10 years old and in apparent good condition. This he did on the basis that the "station was larger than was necessary for the area", and that one of the three repair bays in the station was unnecessary. He concluded that there was an element of functional obsolescence but not any economic obsolescence. The State appraiser also used an income approach based on gasoline sales for four months in 1963. However, he selected a period immediately after the station had been closed for some time. This approach disregards completely the use which the property had for repair of vehicles. The claimant's appraiser used comparable sales, one in particular made in 1962, of an improved property as well as a sale of vacant land very similar to and near claimant's property to arrive at his value of $100,000. Although received in evidence as a comparable without objection, the State now contends that it was not a true comparable, arguing that its highest and best use was as "vacant land upon which a bank would be erected". However, this ignores the fact that the premises were being used at the time of sale as a service station and a recapping plant. Absent evidence that these improvements were considered of no value, it must be assumed that at least one of the parties to the transaction, the seller, allotted part of the purchase price to them. Claimant's appraiser made proper adjustments to reflect the location of the premises and the condition of the building. Since the State did not object to the admission into evidence of this sale, and did not offer any proof to show that it was not made under normal and fair conditions, the determination as to whether the sale property is comparable was a fact question properly decided by the Trial Judge. (*Cardinale* v. *State of New York*, 29 A D 2d 708; 5 Nichols, Eminent Domain, § 21.31.) Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Greenblott, J.